FILED
U.S. DISTRICT COURT
DIV.
2012 JUL -2 PM 12: 15
CLERK _Rcia_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV512-040 |
| | ) | |
| | ) | |
| vs. | ) | CASE NO.: CR506-14 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1]  For the reasons which follow, Williams' Motion should be **DISMISSED**.  Williams' request for an evidentiary hearing is **DENIED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  The Honorable William T.

---

[1] "The judge who receives the [section 2255] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Rule 4(b), Rules Governing Section 2255 Proceedings.  It is clear that Williams is not entitled to his requested relief.

Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years' supervised release, and a $200.00 special assessment. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

Williams filed a previous section 2255 motion in which he asserted he received ineffective assistance of trial counsel. The undersigned recommended that Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61).

Williams filed another section 2255 motion. In that motion, Williams alleged that he received ineffective assistance of appellate counsel because his attorney would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged that he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended that he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred that he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted that Judge Moore was biased and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. The undersigned recommended that this motion be dismissed as a successive § 2255 motion. (CV509-104, Doc. No. 33). Judge Moore adopted this recommendation as the opinion of the Court. (CV509-104, Doc. No. 38). The Eleventh Circuit Court of Appeals denied Williams' application for leave to file

AO 72A
(Rev. 8/82)

a second or successive motion, finding that Williams failed to make the requisite showing under section 2255(h). (CV509-104, Doc. No. 42).

Williams filed yet another § 2255 motion in which he made virtually identical assertions as he did in Case Number CV509-104. The undersigned recommended that Williams' motion be dismissed as successive, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-19, Doc. Nos. 4, 15).

In yet another section 2255 motion, Williams contended that his appellate counsel filed his appeal without filing a motion for new trial. Williams asserted that appellate counsel's failure to file a motion for new trial rendered his assistance ineffective and did not allow Williams the opportunity to prove his innocence. Williams also asserted that he was not able to have a "voice test" conducted for a telephone conversation discussing an alleged drug transaction. (CV511-73, Doc. No. 3, p. 2). Williams contended that he was not provided with the name of the informant, which denied him his right to confront this witness against him. Williams also contended that he has been receiving treatment for his mental health issues for over 25 years, and he was put on the stand to testify after he was given his medication. The undersigned recommended that Williams' motion be dismissed as successive, a recommendation with which Judge Moore concurred.

Still undeterred, Williams filed another section 2255 motion. In that motion, Williams contended that the Government did not respond to one of his previously-filed § 2255 motions. According to Williams, his motion should have been granted based on the Government's failure to prosecute. Williams asserted that he is entitled to relief in that case based on due process principles. The undersigned recommended that

AO 72A
(Rev. 8/82)

Williams' motion be dismissed. Judge Moore adopted this recommendation as the opinion of the Court. (CV511-77, Doc. No. 9).

Williams filed yet another § 2255 motion and averred that his counsel was ineffective because his attorney delayed telling him that his appeal had been denied. Williams alleged that, had he known his appeal had been denied in a timely manner, he could have made an adequate showing of his actual innocence and filed a motion for a new trial. Williams also alleged that he has shown extraordinary circumstances which prevented him from filing post-appeal pleadings. The undersigned recommended Williams' motion be dismissed, and Judge Moore adopted this recommendation as the opinion of the Court. (CV512-3, Doc. Nos. 3, 9). Williams' appeal of this Court's dismissal is currently pending before the Eleventh Circuit Court of Appeals. (CV512-3, Doc. No. 11).

In Case Number CV512-25, Williams made the same assertions as he did in Case Number CV512-3. The undersigned recommended that Williams' motion be dismissed. Judge Moore adopted this recommendation as the opinion of the Court. (CV512-25, Doc. Nos. 4, 7).

The ink on the Report and Recommendation in CV512-25 had barely dried when Williams filed the instant Motion. Williams contends that: 1) he was denied the right to confront witnesses; 2) it was error to allow him to testify because he was mentally incompetent to stand trial and did not have a hearing before he took the stand; 3) there was an illegal search and seizure, as he did not live at the address searched; 4) there was a lack of evidence to convict him; 5) there was illegal surveillance conducted, and he was not permitted to have a "voice test"; 6) it has been newly discovered that the

AO 72A
(Rev. 8/82)

informant is dead; 7) he is actually innocent because no drugs were found; 8) a miscarriage of justice occurred; 9) he received ineffective assistance of counsel because counsel failed to file a motion to suppress to exclude hearsay evidence; 10) he was incompetent to stand trial due to a mental disorder; 11) an evidentiary hearing should be held so he can provide "newly discovered evidence"; and 12) extraordinary circumstances, such as being unable to confront witnesses and being incompetent to stand trial, prevented him from being able to prove his innocence. (Doc. No. 1).

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255

5

motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements, despite his feeble efforts.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 2nd day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)