FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 JAN 25 A 10 48
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,
and RICHARD M. DARDEN,

    Respondents.

CIVIL ACTION NO.: CV512-139

CASE NO.: CR506-14

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons which follow, Williams' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term. Williams

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Williams is not entitled to his requested relief.

filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008). Williams' sentence was later reduced to 235 months' imprisonment. (CR506-14, Doc. No. 76).

Williams filed his first section 2255 motion in which he asserted he received ineffective assistance of trial counsel. The undersigned recommended that Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61).

Williams filed another section 2255 motion. In that motion, Williams alleged that he received ineffective assistance of appellate counsel because his attorney would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged that he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended that he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred that he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted that Judge Moore was biased and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. The undersigned recommended that this motion be dismissed as a successive § 2255 motion. (CV509-104, Doc. No. 33). Judge Moore adopted this recommendation as the opinion of the Court. (CV509-104, Doc. No. 38). The Eleventh Circuit Court of Appeals denied Williams' application for leave to file a second or successive motion, finding that Williams failed to make the requisite showing under section 2255(h). (CV509-104, Doc. No. 42).

AO 72A
(Rev. 8/82)

2

Williams filed yet another § 2255 motion in which he made virtually identical assertions as he did in Case Number CV509-104. The undersigned recommended that Williams' motion be dismissed as successive, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-19, Doc. Nos. 4, 15).

In yet another section 2255 motion, Williams contended that his appellate counsel filed his appeal without filing a motion for new trial. Williams asserted that appellate counsel's failure to file a motion for new trial rendered his assistance ineffective and did not allow Williams the opportunity to prove his innocence. Williams also asserted that he was not able to have a "voice test" conducted for a telephone conversation discussing an alleged drug transaction. (CV511-73, Doc. No. 3, p. 2). Williams contended that he was not provided with the name of the informant, which denied him his right to confront this witness against him. Williams also contended that he has been receiving treatment for his mental health issues for over 25 years, and he was put on the stand to testify after he was given his medication. The undersigned recommended that Williams' motion be dismissed as successive, a recommendation with which Judge Moore concurred.

Still undeterred, Williams filed another section 2255 motion. In that motion, Williams contended that the Government did not respond to one of his previously-filed § 2255 motions. According to Williams, his motion should have been granted based on the Government's failure to prosecute. Williams asserted that he is entitled to relief in that case based on due process principles. The undersigned recommended that Williams' motion be dismissed. Judge Moore adopted this recommendation as the opinion of the Court. (CV511-77, Doc. No. 9).

AO 72A
(Rev. 8/82)

Williams filed yet another § 2255 motion and averred that his counsel was ineffective because his attorney delayed telling him that his appeal had been denied. Williams alleged that, had he known his appeal had been denied in a timely manner, he could have made an adequate showing of his actual innocence and filed a motion for a new trial. Williams also alleged that he has shown extraordinary circumstances which prevented him from filing post-appeal pleadings. The undersigned recommended Williams' motion be dismissed, and Judge Moore adopted this recommendation as the opinion of the Court. (CV512-3, Doc. Nos. 3, 9). Williams' appeal of this Court's dismissal was denied, as was his motion for reconsideration. (CV512-3, Doc. Nos. 22, 24).

In Case Number CV512-25, Williams made the same assertions as he did in Case Number CV512-3. The undersigned recommended that Williams' motion be dismissed. Judge Moore adopted this recommendation as the opinion of the Court. (CV512-25, Doc. Nos. 4, 7).

Williams filed yet another § 2255 motion, Case Number CV512-40. In that motion, Williams contended that: 1) he was denied the right to confront witnesses; 2) it was error to allow him to testify because he was mentally incompetent to stand trial and did not have a hearing before he took the stand; 3) there was an illegal search and seizure, as he did not live at the address searched; 4) there was a lack of evidence to convict him; 5) there was illegal surveillance conducted, and he was not permitted to have a "voice test"; 6) it has been newly discovered that the informant is dead; 7) he is actually innocent because no drugs were found; 8) a miscarriage of justice occurred; 9) he received ineffective assistance of counsel because counsel failed to file a motion to

AO 72A
(Rev. 8/82)

suppress to exclude hearsay evidence; 10) he was incompetent to stand trial due to a mental disorder; 11) an evidentiary hearing should be held so he can provide "newly discovered evidence"; and 12) extraordinary circumstances, such as being unable to confront witnesses and being incompetent to stand trial, prevented him from being able to prove his innocence. (CV512-40, Doc. No. 1). The undersigned recommended that Williams' motion be dismissed. Judge Moore adopted this recommendation as the opinion of the Court. This case is currently pending before the Eleventh Circuit Court of Appeals. (CV512-40, Doc Nos. 4, 8, 16).

Williams asserted in Case Number CV512-43 that he is actually innocent under "new law", DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (June 9, 2011). Williams also asserted that he was denied the right to confront witnesses, which resulted in a miscarriage of justice. Williams also asserted that his appellate counsel was ineffective because he did not file a motion for a new trial. Williams further asserted that an illegal search and seizure occurred. (CV512-43, Doc. No. 1). The undersigned recommended that this motion be dismissed as a successive section 2255 motion, and Judge Moore adopted this recommendation as the opinion of the Court. (CV512-43, Doc. Nos. 4, 7). The Eleventh Circuit denied Williams' certificate of appealability. (CV512-43, Doc. No. 15).

In Case Number CV512-71, Williams contended that he should be resentenced pursuant to "new law". Williams also contended that he did not receive notice prior to trial of an enhanced sentence pursuant to 21 U.S.C. § 851. (CV512-71, Doc. No. 1). The undersigned recommended Williams' motion be dismissed. Judge Moore adopted this recommendation. (CV512-71, Doc. No. 5). This case is currently on appeal.

AO 72A
(Rev. 8/82)

Still undeterred, Williams filed another § 2255 motion and asserted that he is actually innocent of the enhanced sentence he received. Williams also asserted that he did not receive notice prior to trial of the Government's request for an enhanced sentence pursuant to section 851. Williams contended that the trial court should have conducted a hearing regarding the enhanced sentence request. Finally, Williams asserted that he should be resentenced under "new law". (CV512-79, Doc. No. 1). The undersigned recommended that Williams' motion be dismissed, and Judge Moore agreed. (CV512-79, Doc. Nos. 4, 7). This case, too, is currently on appeal.

In this motion, Williams contends that his appellate counsel was ineffective by failing to file a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. According to Williams, if his appellate counsel had filed this motion, his sentence would have been vacated in the interests of justice. Williams alleges that he was incompetent to stand trial due to his post-traumatic stress disorder, denied a voice test, and unable to confront the witnesses against him. Williams also alleges that no drugs were found in his possession. These allegations are virtually identical to those Williams set forth in CV511-73.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and
AO 72A
(Rev. 8/82)

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements. In fact, Williams does nothing more than reiterate assertions he has made over and over again. Accordingly, Williams is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE