IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR -4 A 9: 3

CLERK_____
SO. DIST. OF GA.

FRANKLIN L. WILLIAMS,)
)
Petitioner,) CIVIL ACTION NO.: CV513-017
)
)
vs.) CASE NO.: CR506-14
)
)
UNITED STATES OF AMERICA,)
)
Respondent.)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons which follow, Williams' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Williams is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

concurrently with each other and with Williams' revoked state parole term. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008). Williams' sentence was later reduced to 235 months' imprisonment. (CR506-14, Doc. No. 76).

In this motion, Williams contends that he received ineffective assistance of counsel on appeal. Williams also contends that a miscarriage of justice occurred based on his appellate counsel's failure to file a motion for new trial or a previous section 2255 motion. Williams asserts that his appellate counsel withheld the Eleventh Circuit Court of Appeals' decision on the direct appeal of his criminal conviction for four to six months, which caused Williams to suffer prejudice. Finally, Williams asserts that the United States of America enhanced his sentence without ever informing Williams personally of this enhancement.

Williams has filed in this Court no less than fifteen (15) prior motions pursuant to § 2255. Williams has asserted on these previous occasions either the same claims as he does in this cause of action or some variation of those claims.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

2

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements. To the extent Williams cites Massaro v. United States, 538 U.S. 500 (2003), in support of his contention that he raises a new claim, this contention must fail. The Supreme Court determined that an ineffective assistance of counsel claim can be brought in a section 2255 proceeding, even if that claim could have been raised on appeal but was not. Massaro, 538 U.S. at 504. This case was decided in 2003, well before Williams was indicted in this Court; thus, Massaro does not represent a new rule of constitutional law that was unavailable in a previous occasion. 28 U.S.C. § 2255(h)(2). Additionally, and to reiterate, Williams' claims do not fall within § 2255(h)'s requirements. Williams is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)